(No. 20697.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WYMAN WHEAT, Plaintiff in Error.

*Opinion filed June 18, 1931.*

EARL C. STARBUCK, and GEORGE W. FIELD, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, A. V. SMITH, State's Attorney, and JOHN P. MADDEN, (SIDNEY H. BLOCK, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

By this writ of error plaintiff in error, Wyman Wheat, seeks a reversal of a judgment of the circuit court of Lake county sentencing him to the penitentiary upon a verdict of a jury finding him guilty of the crime of robbery.

About 11 o'clock P. M., on February 16, 1930, Roy Caples, a ticket seller at Waukegan for the Chicago North

Shore and Milwaukee Railroad Company, while attending to his duties in the ticket office of his employer was robbed of about $200 in currency by a man armed with a revolver. Upon the trial he identified plaintiff in error as the robber. Plaintiff in error testified, denying his guilt.

The first point urged for reversal is, that the identification of plaintiff in error was not sufficient to warrant his conviction for the reason that he testified denying his guilt, and Caples, the only person who identified him as the robber, admitted on cross-examination that when he first saw plaintiff in error on the morning of his arrest he (witness) stated to the officers that "he looks like the man," and that in the afternoon, after talking with the State's attorney, when he again saw plaintiff in error he did not make the same statement to the officer but said he was positive in his identification. On re-direct examination, when asked "what he said altogether" at the time he said "he looks like the man," he answered: "I said—well, I know I didn't say 'he looks like the man' and stopped at that. I said 'for the following reasons.' Then I pointed out, according to his appearance and face and voice and similar points; that his nose was shaped that way; his voice sounded like the one that was there that night, and his height." There was no contradiction of this latter statement. When Wheat was told by his brother that the police were looking for him he at once made an effort to leave his position and his family but was prevented from so doing by his arrest. The question of identification was one for the jury, and in this case we would not be justified in disturbing their finding on that subject.

After the overruling of motions for a new trial and in arrest of judgment, the pronouncement of sentence and the filing of a motion for release on probation, plaintiff in error filed his petition to vacate the former order, setting forth that his father-in-law, and Mr. and Mrs. Warren, his brother-in-law and sister-in-law, knew that he was in Zion

on February 15, 1930, and would so testify if given an opportunity so to do. On the hearing of this motion these three persons were produced as witnesses and each testified that at the time of the robbery plaintiff in error was at the Warren home, in Zion. Plaintiff in error on the trial gave like testimony. At the time of the trial the father-in-law was at work at his usual occupation in Zion, in the county in which the trial was had. He was not subpœnaed as a witness for the defendant. The Warrens were then in Indiana, where they had gone July 2, and although while there they corresponded weekly with plaintiff in error and his wife, no effort was made to procure their presence as witnesses at the trial. No continuance was asked prior to the trial on account of their absence. After plaintiff in error had testified on the trial his counsel said: "If the court please, I am afraid we will have to close our case. There are two very important witnesses, but the defendant does not know where they live—that is, Mr. and Mrs. Warren. They are somewhere in Indiana. I am afraid to suggest that we wait until morning, because I do not know how to acquire them." To this the court replied that he could not hold the case over on that showing, and the case was then rested. No mention of these witnesses or their prospective testimony was made in the motion for a new trial. This testimony, if true, was not newly discovered evidence. The fact that no effort to produce this most important testimony from plaintiff in error's relatives until after sentence and petition for probation renders such testimony the subject of very grave suspicion as to its truth. The court did not err in overruling plaintiff in error's motion to vacate the judgment. *People* v. *Frank,* 327 Ill. 393; *People* v. *Gentile,* 326 id. 540; *People* v. *Dabney,* 315 id. 320.

No cause for reversal appearing, the judgment is affirmed.

*Judgment affirmed.*